

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-25-2007

# Eichenlaub v. Indiana

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2476

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Eichenlaub v. Indiana" (2007). *2007 Decisions*. Paper 1745.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1745

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case Nos:  05-2476 and 05-2498

DAVID EICHENLAUB; IKE CONSTRUCTION; DANIEL EICHENLAUB;
BARBARA EICHENLAUB

v.

TOWNSHIP OF INDIANA; TOWNSHIP OF INDIANA BOARD OF SUPERVISORS;
DOROTHY T. CLAUS; GEORGE E. DULL, JR.; CHARLES R. FEDEROFF;
JEFFREY D. PECK; DANIEL L. TAYLOR, in their official capacities;
TOWNSHIP OF INDIANA CODE ENFORCEMENT OFFICER, JEFFREY S.
CURTI, in his official capacity; DAN ANDERSON, in his official
capacity; MILDRED BROZEK, Administratix of the Estate of
Kevin Brozek; TOWNSHIP OF INDIANA ENGINEER, DANIEL B. SLAGLE,
in his individual and official capacity
(DC Civil No. 99-cv-01607)

DANIEL EICHENLAUB; BARBARA EICHENLAUB, his wife;
DAVID EICHENLAUB

v.

TOWNSHIP OF INDIANA; TOWNSHIP OF INDIANA BOARD OF SUPERVISORS;
DOROTHY T. CLAUS; GEORGE E. DULL, JR., CHARLES R. FEDEROFF;
JEFFREY D. PECK; DANIEL L. TAYLOR, in their individual and
official capacities; TOWNSHIP OF INDIANA CODE ENFORCEMENT
OFFICER, JEFFREY S. CURTI, in his individual and official
capacity; TOWNSHIP OF INDIANA MANAGER, KEVIN M. BROZEK, in his
individual and official capacity; TOWNSHIP OF INDIANA ENGINEER,
DANIEL B. SLAGLE, in his individual and official capacity
(DC Civil No. 99-cv-01667)

TOWNSHIP OF INDIANA, JEFFREY D. PECK, in his individual capacity, INDIANA TOWNSHIP BOARD OF SUPERVISORS and JEFFREY S. CURTI, in his official capacity,

Appellants in Docket No. 05-2476

DAVID EICHENLAUB and DANIEL and BARBARA EICHENLAUB,

Appellants in Docket No. 05-2498

_____

Cross-appeals From the Final Judgment and Orders of the
United States District Court for the Western District of Pennsylvania
District Court Nos.:  99-cv-01607 and 99-cv-01667
District Judge: The Honorable Arthur J. Schwab

_____

Argued October 24, 2006

Before:  SMITH, FISHER, and COWEN, *Circuit Judges*

(Filed January 25, 2007)

Charles W. Craven (Argued)
Kimberly A. Boyer
Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut St.
Philadelphia, PA 19103
                 *Counsel for Appellants/Cross-Appellees Township of Indiana, et al.*

Blaine A. Lucas (Argued)
Babst, Calland, Clements & Zomnir, P.C.
Two Gateway Center, 8th Floor
Pittsburgh, PA 15222
                 *Counsel for Appellees/Cross-Appellants Eichenlaub, et al.*

Jeffrey Cohen
Meyer, Darragh, Buckler, Bebenek & Eck
600 Grant Street
U.S. Steel Tower, Suite 4850
Pittsburgh, PA 15219

*Counsel for Appellee Claus*

---

OPINION

---

SMITH, *Circuit Judge*.

The cross-appeals in these two consolidated cases represent yet another stage in litigation which has been before us previously. *See Eichenlaub v. Township of Indiana*, 385 F.3d 274 (3d Cir. 2004). David, Daniel, and Barbara Eichenlaub claimed that the Township and various individuals, most notably a Township Supervisor, Jeffrey Peck, violated their constitutional rights in the course of dealing with the Eichenlaub's attempts to develop property they own in the Township. Eventually the case was narrowed down to: (1) David Eichenlaub's § 1983 claim that the Township and Peck, acting in his individual capacity, retaliated against him for exercising his First Amendment right to free speech; and (2) Daniel and Barbara Eichenlaub's state law mandamus claim. The case was tried before a jury, which rendered the verdict in favor of David Eichenlaub on the First Amendment claim and in favor of the Daniel and Barbara Eichenlaub on the mandamus claim. The District Court subsequently awarded the Eichenlaubs' attorney fees.

Before us now are appeals of orders entered on April 8, 2005 and May 2, 2005, as

3

well as various challenges to the sufficiency of the evidence. The parties' arguments lack merit. We will affirm the District Court's orders.

## 1. Facts and Procedural History

Barbara, Daniel, and David Eichenlaub ("the Eichenlaubs") own two tracts of property in Indiana Township. In 1984, Barbara and Daniel Eichenlaub purchased seven undeveloped lots within a 27-lot subdivision, approved in 1940, in the Fairview Elementary School District (the "Fairview Property"). Daniel and Barbara Eichenlaub also own a plot on Saxonburg Boulevard (the "Saxonburg Property"), which they use as office space, parking, and storage for Eichenlaub Landscaping, of which David is the principal.

In the mid-1990s, the Eichenlaubs began planning to develop the Fairview property into seven single family homes. The Eichenlaubs submitted a revised development plan in April 1999. The Township rejected the plan several times. The Township eventually approved a plan in June 1999, subject to the execution of a satisfactory developer's agreement. The Eichenlaubs withdrew this plan shortly thereafter, stating that the Township had proposed a developer's agreement that subjected them to "unnecessary and onerous obligations."

The Eichenlaubs claimed that the revised plan and developer's agreement were unnecessary and proceeded with development of the Fairview Property. Daniel and Barbara granted two of the Fairview lots to David and Carl Eichenlaub in August 1999. David then submitted an application for development of a single family home. The

Township rejected this and a subsequent application, claiming that this was merely a plot to develop the homes serially and evade Township subdivision development restrictions. The Eichenlaubs continued to maintain that further Township approval was unnecessary as they were proceeding in accordance with the original 1940 subdivision plan, and that later development codes therefore did not apply.

The Eichenlaubs filed for a grading permit for the Saxonburg Property in 1998, in order to develop a nursery for their landscaping firm. The Eichenlaubs filed a site plan for the project, which the Township approved in June 2000. However, the Township then refused to approve a Developer's Agreement because the Eichenlaubs did not pay the engineering fees for the project.

The Eichenlaubs filed two civil actions in the United States District Court for the Western District of Pennsylvania in September 1999. In the first action, David alleged that his First Amendment rights had been violated when he was silenced during a town meeting by Jeffrey Peck ("Peck"), a Township supervisor, removed from the meeting, and later subjected to retaliation from the Township for his comments. David also claimed that he and his business, Ike Construction, were defamed by the Township in a newspaper article in which the Township stated that the Eichenlaubs had violated a Township Ordinance.

In the second action, the Eichenlaubs raised claims under 42 U.S.C. § 1983, asserting violation of their rights to substantive due process and Equal Protection under the Fourteenth Amendment and arbitrary, selective, and retaliatory enforcement of

5

Township regulations. The Eichenlaubs also sought a writ of mandamus to compel the Township to approve their projects. The two actions were consolidated.

In early 2003, the parties agreed to a partial settlement agreement while the action was pending in the District Court. This agreement granted the Eichenlaubs permits for both properties. In May of the same year, the District Court granted the Township summary judgment on all counts and dismissed the Eichenlaubs' petitions for mandamus as moot. The Eichenlaubs appealed to this court on all counts. This court affirmed the summary judgment with respect to all claims except the claim for retaliation against protected speech, violation of Equal Protection due to selective and unequal enforcement, and the Eichenlaubs' claim for damages incidental to mandamus.

After remand to the District Court, the Township filed a motion for partial summary judgment, which the Court granted with respect to the Equal Protection claim. The District Court also excluded evidence relating to mandamus damages. The Eichenlaubs' claims of retaliation and for mandamus relief went to the jury. The jury rendered a verdict in favor of David on the retaliation claim against the Township and against Peck. The jury awarded David $77,935 in business compensatory damages and $50,000 in non-business compensatory damages. The jury allocated 60 percent of the non-business compensatory damages to Peck. The jury also found that the Eichenlaubs had properly submitted their grading permit for the Saxonburg Property in 1998.

Both parties filed post-verdict motions. In particular, the Eichenlaubs filed a motion for attorneys' fees and costs, seeking fees and costs totaling $682,079.55. The

6

District Court awarded fees and costs of $633,302.70 and $39,117.69, respectively.  The

Court subsequently awarded an additional $9,346 in fees and $313.16 in costs.  The

Township filed a motion for judgment as a matter of law.  The Court denied the

Township's motion.  These appeals followed.

## 2.  Discussion

The District Court had federal question jurisdiction pursuant to 28 U.S.C. § 1331

and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  We have jurisdiction

pursuant to 28 U.S.C. § 1291.

We have carefully considered the many claims raised by both sides in these

appeals.  Apart from those claims discussed *infra*, which merit further discussion, we will

affirm the District Court for substantially the reasons stated in its final orders.  We will

also affirm the District Court's judgment as to its award of attorneys' fees, its refusal to

instruct the jury on punitive damages, and its grant of summary judgment against the

Eichenlaubs' Equal Protection claim.

## A.  The Award of Attorney's Fees

We review the District Court's award of fees under 42 U.S.C. § 1988 for abuse of

discretion.  *See Blum v. Witco Chem. Corp.*, 829 F.2d 367, 368 (3d Cir. 1987)**.**

The Supreme Court laid out the framework for award of fees in a § 1983 action in

*Hensley v. Eckerhart*, 461 U.S. 424 (1983).  The Court began by emphasizing that, "the

district court has discretion in determining the amount of a fee award," and this discretion

is justified by the "district court's superior understanding of the litigation and the

7

desirability of avoiding frequent appellate review of what essentially are factual matters." *Id*. at 437. The *Hensley* Court endorsed the "lodestar calculation" method as the starting point, for which the District Court should first calculate the lodestar amount by multiplying an amount of hours the court deems reasonable by a reasonable hourly rate. *Id*. There is a strong presumption that the "lodestar" amount is reasonable. *Blum v. Stenson*, 465 U.S. 886, 888 (1984).

The Township argues that the District Court abused its discretion by concluding that the Eichenlaubs' unsuccessful claims were so closely related to their successful First Amendment and mandamus claims that no reduction in fees was warranted. The District Court found that although "many of Plaintiff's causes of actions [sic] were dismissed over time, the core factual complaint and related legal theory survived to trial, and were accepted by the jury in the favor of Plaintiff." The Court found that the dismissed substantive due process and Equal Protection claims were interwoven with the First Amendment claim and that because "the core factual issues remained for trial, despite the dismissal of several causes of action, the time expended even on dismissed claims was not excessive, nor unrelated to the focus of this case." The District Court found that "[t]he work on the dismissed causes of action was useful and necessary to maintain this litigation," and that an award of the full lodestar amount was justified. The District Court noted that the parties agreed to a reduction of fees expended on the mandamus claim and on the state law defamation claim.

The Supreme Court noted that where a plaintiff presents "distinctly different

8

claims for relief that are based on different facts and legal theories . . . work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved." *Id.* at 434-35. However, the Supreme Court also stated that civil rights actions will often raise many claims arising from "a common core of facts" or "related legal theories," requiring the District Court to "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435. The Court expressly rejected a "mathematical" approach to fees, in which fee awards would be proportional to the number of successful claims. *Id.* This Court has also noted that fee awards may be reduced for time "spent litigating claims on which the party did not succeed and that were distinct in all respects from claims on which the party did succeed." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). The District Court correctly applied this jurisprudence to the case. The District Court appears to have accepted the Eichenlaubs' contention that the Township's actions towards both the Fairview and Saxonburg properties were motivated by animus against David Eichenlaub. The District Court accordingly concluded that the Eichenlaubs' claims were sufficiently interwoven to justify a full fee award.

The Township also argues that the disparity between the fee award and the total verdict indicates that the litigation resulted in only limited success that cannot support a full fee award. In civil rights cases, however, the District Court may not reduce a fee award simply because it exceeds the damages award. *See Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1222 (3d Cir. 1995); *see also City of Riverside v. Rivera*, 477 U.S. 561, 571

9

(1986) (upholding a fee award of $245,456 where there were $33,350 in damages).

The Township argues that the District Court engaged in inappropriate burden shifting by forcing them to proffer evidence that the amount of time spent on the case was unreasonable or that the degree of success was unsatisfactory. This position misstates the relevant test. The prevailing party bears the burden of providing affidavits detailing hours spent, rates charged, and independent evidence that these rates match market rates. *See Blum*, 465 U.S. at 888. The District Court made numerous findings that, although this case was litigated to the hilt, it was conducted in a professional manner and that the fees and rates were reasonable. The District Court correctly observed that the burden is on the party seeking a special adjustment to the lodestar amount. *See Bell v. United Princeton Prop., Inc.*, 884 F.2d 713, 714 (3d Cir. 1989). This Court has expressly held that "the party opposing the fee award then has the burden to challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee." *Rode*, 892 F.2d at 1183. A decrease in a fee award may not be based on factors that have not been raised by the opposition. *Id*. If raised, however, the court may, in its discretion, reduce the fee award in light of the articulated objections. *Id*.

The hallmark of this Court's approach to interwoven claims and fee awards has been whether the claims were based on related legal theories arising from a common core of facts. *Rode*, 892 F.2d at 1183. David Eichenlaub's ultimately successful claim was based on the Township's alleged obstructionism in retarding development of the Fairview and Saxonburg Properties, motivated by the desire to retaliate against David Eichenlaub

10

for exercising his First Amendment right to petition the government.

The District Court correctly held that the Eichenlaubs' counsel was zealously representing their clients' interest and that all claims held a common core of operative facts. We defer to the District Court's exercise of its discretion due to the District Court's superior understanding of the litigation and of factual matters. The District Court correctly applied Supreme Court and Third Circuit precedent and has not abused its discretion, notwithstanding the disparity between the fee award and the compensatory damages.

## B. The Lack of An Instruction to the Jury on Punitive Damages
### for David Eichenlaub's Retaliation Claim

The Supreme Court has held that "a jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). We have held that this standard is disjunctive, and thus the defendant's conduct need only be reckless or callous. *See Springer v. Henry,* 435 F.3d 268, 281 (3d Cir. 2006) (citing *Savarese v. Agriss*, 883 F.2d 1194, 1204 (3d Cir. 1989)). "We exercise plenary review over the district court's decision to deny [a] request to send the issue of punitive damages to the jury." *Delli Sani v. CNA Ins.*, 88 F.3d 192, 207 (3d Cir. 1996).

In *Brennan v. Norton*, 350 F.3d 399, 429-30 (3d Cir. 2003), the jury awarded punitive damages to the plaintiff on his First Amendment claim. However, we upheld the

district court's judgment as a matter of law against the punitive damages.  *Id*.  We

reasoned that:

> [T]he conspiratorial picture Brennan paints is not consistent with the record.  He has produced no evidence that [the defendant] orchestrated a retaliatory campaign against him. . . .  We do agree with Brennan's claim that this record supports a finding that Brennan's protected speech was a motivating factor in [the defendant's individual retaliatory actions].  However, the record does not support a finding that [the defendant] acted out of either recklessness or callousness.  Indeed, a contrary conclusion would mean that any finding of retaliatory motive would automatically support punitive damages.  Even accepting Brennan's formulation of the correct standard for punitive damages, it is clear under the Court's holding in *Smith v. Wade* that punitive damages require more than the retaliatory motive itself.

*Id*.  We did not decide in *Brennan* what more a plaintiff in a First Amendment retaliation

case would need to show besides a retaliatory motive in order to satisfy the *Smith*

standard.

In *Springer*, however, we revisited this issue, holding there was sufficient evidence

in that First Amendment retaliation case to support a jury's punitive damages award.  *See*

*Springer*, 435 F.3d at 281-83.  We noted that the jury's verdict was supported both by

strong circumstantial evidence, such as "unusual" procedures, and by substantiated

evidence of the defendant's vindictive "attitude" towards the plaintiff.  *Id.* at 281-82.  We

observed that the *Brennan* Court had been motivated by the "insufficient evidence for a

punitive damages award."  *Id*. at 282 (citing *Brennan*, 350 F.3d at 429).  The *Brennan*

Court was particularly troubled by Brennan's reliance on his "unsubstantiated

allegations" that the Defendant had led a conspiracy to deprive Brennan of his protected

rights.  *Id*.

The District Court correctly assessed that the instant case is far more similar to *Brennan* than to *Springer*. We have no evidence in the record, other than the Eichenlaubs' unsubstantiated allegations, that Peck was engaged in a conspiracy to retaliate against David for his exercise of his First Amendment rights. There is not sufficient evidence in the record to establish that Peck acted with the heightened culpability, above and beyond a retaliatory motive, to justify an instruction on punitive damages.

### C. Summary Judgment on the Equal Protection Claims

We exercise plenary review over a grant or denial of summary judgment. *See Carter v. McGrady*, 292 F.3d 152, 157 (3d Cir. 2002).

A plaintiff bringing a class-of-one Equal Protection claim must show that "she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). The District Court declined to decide whether there was a material issue as to whether these other properties were similarly situated. Rather, the District Court concluded that "[o]n the summary judgment record before the Court, plaintiffs have failed to meet their heavy burden of demonstrating that defendants had no rational justifications for any allegedly different treatment among similarly situated property owners." The District Court specifically addressed three of the properties, finding that "plaintiffs have not met their burden of demonstrating that the reasons offered by defendants for different treatment of allegedly similarly situated property owners were wholly arbitrary and not

13

rationally related to legitimate local interests."

*Olech* and *Eichenlaub* instruct that the plaintiff has the burden of proof on the issue of whether there was a rational basis for the difference in treatment. *See Olech*, 528 U.S. at 564-65; *Eichenlaub*, 385 F.3d at 286-87. Our review of the record fails to reveal any genuine attempt by the Eichenlaubs to refute possible rational bases for distinguishing between the properties. Accordingly, we find that the District Court correctly granted summary judgment against the Equal Protection claim.

### 3.  Conclusion

We will affirm in full the District Court's final orders entered on April 8, 2005 and May 2, 2005.

*Eichenlaub, et al. v. Township of Indiana*

Cowen, Circuit Judge, dissenting.

I respectfully dissent with respect to the majority's affirmance of the award of attorney's fees, because the District Court did not consider the relationship between the amount of fees awarded and the limited success achieved. In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the Supreme Court held that "[w]here a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced . . . . But where the plaintiff achieved only limited success, the district court

14

should award only that amount of fees that is reasonable in relation to the results obtained." *Id*. at 440. The *Hensley* Court cautioned that "[w]hen an adjustment is requested on the basis of either the exceptional or limited nature of the relief obtained by the plaintiff, the district court should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained." *Id*. at 437.

David Eichenlaub, the only successful plaintiff in this case, prevailed on only one of numerous claims. The District Court's findings that "the tasks performed were necessary and the attorneys' fees and costs were reasonable for the effort expended" and that "the work on the dismissed claims was useful to the entire case" do not answer the question of whether the fee awarded was reasonable in light of the limited success achieved. In my view, a remand is appropriate so that the District Court may consider whether the amount of fees is reasonable in relation to the results obtained. *See id.* at 440 (vacating judgment and remanding so that the district court could determine whether the amount of fees was reasonable in relation to the results obtained). Indeed, in light of the limited success achieved, the fee award based on more than 3000 hours of claimed time may have been excessive. *See id.* at 436. ("[H]ad respondents prevailed on only one of their six general claims, . . . a fee award based on the claimed [2,557] hours clearly would have been excessive.").